IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORLANDO GARCIA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PETER J. BECK, et al.,<br><br>　　　　　Defendants. | Case No. 21-cv-04575-CRB<br><br>**ORDER DENYING MOTION TO DISMISS, TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT, TO IMPOSE SANCTIONS, AND TO DECLINE SUPPLEMENTAL JURISDICTION** |

　　　　Plaintiff Orlando Garcia, an individual with physical disabilities who uses a wheelchair, brought suit against Defendants Peter J. Beck, Regia Beck, and Lola's Chicken Shack, LLC for violation of the Americans with Disabilities Act (ADA) and the Unruh Civil Rights Act. See Comp. (dkt. 1). The case stems from a visit Garcia made to Lola's Chicken Shack, a restaurant in Alameda, California, in May of 2021. Id. ¶¶ 5, 10. Garcia alleges that, on the date of his visit, the restaurant failed to provide wheelchair accessible paths of travel and failed to provide wheelchair accessible outside dining surfaces. Id. ¶¶ 12–14, 17–19. Garcia alleges that he visited the restaurant "with the intention to avail himself of its goods or services motivated in part to determine if the defendants comply with the disability access laws," id. ¶ 10, and that he "will return . . . to avail himself of its goods or services and to determine compliance with the disability access laws once it is represented to him that the Restaurant and its facilities are accessible," id. ¶ 27. He adds: "Plaintiff is currently deterred from doing so because of his knowledge of the existing barriers and his uncertainty about the existence of yet other barriers on the site." Id.

　　　　Defendants have responded with a long motion[1] that asks for several things. Mot. (dkt. 16-

---

[1] Garcia points out that "Defendants went well over the 15 page limit in their [29-page] brief." Opp'n (dkt. 28) at 1. The Court reminds Defendants that they must seek leave of the Court and

1). Defendants argue that the Court should dismiss the ADA claim as moot, because "each and every claimed barrier no longer exists." Id. at 10.  They next ask the Court to deem Garcia a vexatious litigant due to the number of ADA cases he has brought. Id. at 10–22.  They ask the Court to sanction Garcia's counsel for bringing so many ADA cases against Alameda businesses. Id. at 22–23.  And finally, they ask the Court to decline to exercise supplemental jurisdiction over the Unruh Act claim once it dismisses the ADA claim as moot. Id. at 23.  The Court finds this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1, and VACATES the hearing currently set for November 18, 2021.

**1.   Mootness**

Defendants argue that the ADA claim is moot because, after Garcia sued, the restaurant hired a consultant and made a number of changes. See Mot. at 2.  It now has "an electric door to it[s] entrance such that a level landing is not needed," and "an ADA compliant outdoor table" with a "new sign directing the disabled to the table." Id.  It also has an ADA policy manual, on which all of its employees have been trained, and an agreement to have the consultant return yearly to check the restaurant's ADA compliance. Id. at 3–4.  Defendants argue that Garcia's claims are now "moot and should be dismissed for lack of subject matter jurisdiction." Id. at 10.

The actions Defendants claim to have taken are commendable.  But they are not necessarily undisputed.  "Jurisdictional finding of genuinely disputed facts is inappropriate when 'the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits of the action." Sun Valley Gasoline, Inc. v. Ernst Enterprises, Inc., 711 F.2d 138, 139 (9th Cir. 1983) (internal quotation marks omitted).  Here, the same disputed material facts bear on both jurisdiction and the merits.  Garcia maintains that the restaurant violates the ADA, while Defendants maintain that it does not.  "Defendant[s are] correct that this Court would lack jurisdiction over Plaintiff's ADA claim if all of the barriers Plaintiff identifies in the FAC have been remediated; but whether the barriers have been adequately remediated is at the heart of the merits of Plaintiff's ADA claim." See Johnson v.

---

show good cause if they cannot abide by the page limits in the Court's Standing Order.

SSR Grp., Inc., No. 15-CV-05094-MEJ, 2016 WL 3669994, at *2 (N.D. Cal. July 11, 2016). Accordingly, the Court will not dismiss the ADA claim as moot.

Nor will the Court convert the motion into one for summary judgment. See Mot. at 8–9; Rosales v. United States, 824 F.2d 799, 803 (9th Cir. 1987) ("if the jurisdictional issue and substantive claims are so intertwined that resolution of the jurisdictional question is dependent on factual issues going to the merits, the district court should employ the standard applicable to a motion for summary judgment and grant the motion to dismiss the lack of jurisdiction only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.") (emphasis added). The facts in this case remain disputed. See Opp'n at 6 ("Garcia alleges that Defendants' restaurant [violates the ADA]. . . If that is true, Garcia can prevail and obtain an injunction. If that is wrong, Garcia loses."). And, as Garcia points out, discovery is stayed pursuant to General Order 56. See id. at 8 (adding that "[i]f notice had been given that a Rule 56 motion was being brought, Johnson would file a 56(d) declaration."). Garcia also notes that he "desires to have an expert site inspection under Rule 34 to assess the accessibility of the business as well as the recent changes made." Id. The Court encourages Garcia to do so as soon as possible so that the parties can move the case forward—particularly given his representation that he "will return . . . once it is represented to him that the Restaurant and its facilities are accessible." See Compl. ¶ 27.

### 2.     Vexatious Litigant

Defendants ask the Court to deem Garcia a vexatious litigant because he has, according to Defendants, brought 732 ADA cases since 2014, including 31 against business in Alameda in May. See Mot. at 1. Many of those cases "are textually and factually similar." Id. at 17. And in many or all of those cases, Defendants dispute whether Garcia truly intended to "enjoy" the services of the businesses he visited. Id. at 11–14.[2]

---

[2] In their reply brief, Defendants also make the rather insensitive argument that Garcia "failed to mitigate his damages and kept placing himself in harm's way by traveling over non-compliant public sidewalks." Reply (dkt. 31) at 5. One would imagine that Garcia would prefer to travel on ADA-compliant sidewalks. In the absence of ADA-compliant sidewalks, Garcia need not confine himself to his home.

3

      Defendants do not nearly come close to establishing that Garcia is a vexatious litigant. See Fink v. Gomez, 239 F.3d 989, 994 (9th Cir. 2001) (sanctions appropriate for "frivolousness, harassment, or an improper purpose."). "[T]he simple fact that a plaintiff has filed a large number of complaints, standing alone, is not a basis for designating a litigant as "vexatious." Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1061 (9th Cir. 2007). Garcia does not deny that he is an ADA tester. See Opp'n at 2. Defendants do not approve of this, see Mot. at 12 ("Unfortunately, [the ADA] has been re-written to allow for testers"), but the law permits it, see Civ. Rights Educ. & Enf't Ctr. v. Hosp. Properties, 867 F.3d 1093, 1101–02 (9th Cir. 2017). The Ninth Circuit has recognized that "[f]or the ADA to yield its promise of equal access for the disabled, it may indeed be necessary and desirable for committed individuals to bring serial litigation advancing the time when public accommodations will be compliant with the ADA." Molski, 500 F.3d at 1062. ADA testers can still be vexatious litigants, just like any litigant can be. But Defendants have failed to demonstrate that Garcia's cases generally are—or that this case in particular is—meritless, harassing, or improper. Indeed, Defendants here claim to have taken action to bring their restaurant into compliance with the ADA as a direct result of the lawsuit. Mot. at 2–3.

      Accordingly, the Court will not deem Garcia a vexatious litigant.[3]

### 3.   Sanctions

      For the same reasons the Court will not deem Garcia a vexatious litigant, it will not sanction Garcia's counsel "for their actions of filing thirty-one complaints against Alameda County business, including Lola's, for harassment purposes to extort early settlement without any intention of litigation on the merits." See Mot. at 22. Garcia and his counsel are permitted to bring ADA cases. It is unfortunate that Defendants "incurred $2000 for the vexatious motion,"

---

[3] The Court further observes that Defendants' complaints about Garcia's impropriety are contained in an oversized brief that on several occasions strikes an uncivil tone. See, e.g., Mot. at 5 ("Since when did it become a civil right to cruise around [and] look for disabled access problems to then decide to visit the business to set it up for an ADA lawsuit?"); id. at 7 ("Not only did Garcia hunt down unsuspecting businesses in Alameda County, but he apparently had time to visit forty-three (43) businesses located in Oakland, California" . . . "The Oakland victims" . . . "Garcia hit China Town"); id. at 21 ("Garcia is also operating his inspection business without an Alameda County Business license"); id. ("How can Garcia act as a pseudo CASp in conducting ADA inspections for greenbacks through the misuse of the federal judicial system?").

4

id., but Garcia is not responsible for that expenditure.

### 4. Supplemental Jurisdiction

Finally, Defendants ask the Court to decline to exercise supplemental jurisdiction over the Unruh Act claim. See id. at 23. Because the Court is not now dismissing the ADA claim, there is still federal question jurisdiction in this case. See 28 U.S.C. § 1331.

The Motion is DENIED.

**IT IS SO ORDERED.**

Dated: November 15, 2021



CHARLES R. BREYER
United States District Judge